MATTIE ESKRIDGE, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 19, 1913.

1. NEGLIGENCE: Street Railways: Motorman: Crowded Street. It is negligence, as a matter of law, for a motorman to turn his head looking at passengers frolicking in the car, while running a street car through the crowded streets of a city at an intersection where large numbers are crossing.

2. ——: Contributory Negligence. Humanitarian Rule. A man was standing on the east rail of a south-bound street railway track, at a street crossing, waiting for a north-bound car to pass on the other track. A passenger in the front vestibule of a south-bound car saw him when only six feet away, and cried out: "Man on the track." The motorman's head was turned, watching people in the car. He turned round but not in time to avoid a collision. It was *held* that the jury was justified in finding it was the motorman's negligence which caused the injury, notwithstanding the contributory negligence of the injured person.

Appeal from Jackson Circuit Court.—*Hon. James E. Goodrich*, Judge.

AFFIRMED.

*John H. Lucas* and *Bruce Barnett* for appellant.

*Ellis, Cook & Barnett* for respondent.

ELLISON, P. J.—This is an action for personal injury, afterwards resulting in the death of plaintiff's husband. She recovered judgment in the trial court.

Defendant operates a street railway north and south on Walnut street in Kansas City, and struck deceased on the south side of the intersection of Eleventh street with Walnut, a point where there is a constant throng of people crossing over Walnut in going east and west on Eleventh street. There were two principal witnesses introduced by plaintiff, the motorman being one of them—the defendant offering no evidence. The car was running south on the west track at five or six miles an hour and deceased was not seen by the motorman until within six or eight feet of him. He was then standing on the east rail of the west track, looking east and apparently waiting for a northbound car on the east track to pass. A passenger (an unemployed motorman) in the front vestibule of the colliding car saw deceased's peril and called out: "Man on the track." The motorman had had his head turned, looking inside the car at "some one carrying on in there." He turned at the passenger's outcry and endeavored to stop, but struck deceased before he did so.

If we understand defendant's argument or theory, it is that the passenger witness testified he was looking straight down the track and that he did not see either to the right or left. That there was no evidence where deceased came from and that if the motorman had been looking forward instead of backwards, he would only have seen deceased on the east rail, as the passenger saw him and at the same time the passenger saw him. As suggested by plaintiff's counsel, deceased must have come from somewhere,

and it is a lame argument to say that because the passenger did not see him, the motorman would not. Two persons looking in the same direction do not always see the same thing at the same time, especially where many people are passing back and forth. It was the motorman's business to be on the alert with sharp lookout for the safety of pedestrians; and the jury were well justified in concluding that if he had been looking forward he would have seen deceased when he took or came upon his place of peril, and stopped his car. The evidence shows inexcusable negligence as a matter of law, and the jury were justified in saying it was the proximate cause of the injury, notwithstanding contributory negligence of deceased in standing on the track while the other car passed.

The judgment being manifestly for the right party is affirmed. All concur.